*In re* SCHWEIER.

1. GUARDIAN AND WARD—UNITED STATES SAVINGS BONDS—CO-OWN-ERSHIP OF WARD WITH DAUGHTER.

Order of circuit court remanding case to probate court for further inquiry as to extent of ward's interest in United States savings bonds, of which ward and her daughter appeared on the face thereof to be co-owners, was proper, where there was evidence that the bonds had been purchased with joint funds, that the mother might not be the absolute owner of the bonds notwithstanding they were in her possession at the time of adjudication of her mental incompetency; hence, guardian was properly held not surchargeable with the face amount of the bonds with interest, under record presented, the question of the value of the bonds to the ward not being properly before the circuit court.

2. UNITED STATES—SAVINGS BONDS—OWNERSHIP.

United States treasury department regulation providing that one co-owner of a savings bond may cash it without permission of the other co-owner and terminating the interest of both upon redemption by one does not cover or establish ownership or a determination of the interest of the co-owners as between themselves (U. S. Treasury Dept. Regulations, Circular No 530, § 315.45).

Appeal from Wayne; Hadsell (Philip A.), J., presiding. Submitted April 8, 1959. (Docket No. 23, Calendar No. 47,747.) Decided October 12, 1959.

In the matter of the estate of Marion Schweier, mentally incompetent, the ward, restored to sanity,

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur, Guardian and Ward § 174.
[2] 43 Am Jur, Public Securities and Obligations § 15 (Supp).
    Judicial decisions involving United States war savings bonds. 168
    ALR 245, 173 ALR 550.

objected to allowance of final account of Paul E. Gilleo, guardian. Determination in circuit court that guardian should be surcharged because of delivery of bonds to ward's daughter as co-owner, and case referred to probate court to determine interest of estate therein. Ward appeals claiming full value of bonds. Referral to probate court affirmed.

*Meyer R. Rubin,* for appellant ward.

*T. G. Daines,* for appellee guardian.

VOELKER, J. Subsequent to the filing of a petition by her daughter, Jean Lorang, the probate court for the county of Wayne on June 27, 1952, found the appellant, Marion Schweier, to be a mentally incompetent person and insane. On that date she was ordered institutionalized and the appellee Paul E. Gilleo was appointed as her guardian. As such guardian for Mrs. Schweier, appellee received and inventoried all of his ward's property except 15 United States savings bonds with a total face value of $7,900 (the face of which indicated that they were owned jointly by appellant and her daughter), which he received and turned over to the daughter. On the advice of his attorney, the appellee required that the daughter give the following receipt for the bonds:

"I, Jean Lorang acknowledge the receipt of the above bonds and declare the same to be my property, and in the event it should be determined that the above bonds should be declared to be part of the estate of my mother, Marion Schweier, I agree to return said bonds or their value to either my mother, Marion Schweier or to the person in charge of her estate."

Appellant was restored to sanity by an order of the probate court on March 13, 1957, and shortly thereafter the appellee-guardian filed his final ac-

counting. During April of 1957 the appellant retained counsel and filed objections to the guardian's final account, which objections, among other things, concerned the aforementioned government bonds. The probate court overruled appellant's objections and allowed the account. From that order the appellant took an appeal to the circuit court where, after a full hearing, that court found and held as follows:

"A. I find that on August 26, 1948, Marion Schweier did establish and maintain with the National Bank of Detroit, a banking institution, under her own single name, account number 10,136, for safe keeping United States war savings bonds. That the said account was closed on July 10, 1952, by Paul E. Gilleo, who was on June 27, 1952 duly appointed and qualified as guardian of Marion Schweier. The said guardian did on said date take possession and custody of 15 bonds from the said bank. I find further that on July 17, 1952 the said guardian, without judicial determination, voluntarily did surrender and give up possession and control over the said bonds to Jean Lorang, the daughter of Marion Schweier, by turning over to her 13 bonds pursuant to a receipt signed by her, which bonds are described as follows:
*      *      *

"I further find that Marion Schweier had the possession, custody, control and use of said bonds and did not lose it by virtue of the guardianship proceedings. I find further that the said bonds were improperly omitted from the inventory and account filed by Paul E. Gilleo, the guardian, with the probate court, which facts should have been included in said reports.

"B. I find that the guardian's delivery of these United States war savings bonds to Jean Lorang, which bonds are registered and listed in the names of Marion Schweier and her daughter, Jean Lorang, as co-owners, of the face value of $7,900, was a tort and breach of duty.

"C. I find that the guardian is liable for this breach and is liable to Marion Schweier, M. I., for the loss of the value of her interest in said bonds. I find and adjudge that the probate court committed error in allowing the guardian's final account without sur-charging him in that regard.

"D. I find and adjudge and determine that the guardian must account to the ward, Marion Schweier, for the value of her interest in these bonds on July 17, 1952 plus interest to the present date. I find, order and adjudge that the bonds should be included in the estate and the guardian should file an amended inventory and file an amended account to include said bonds.

"E. I further find that there is no proof in this record and cause to show the values of these bonds on the date and occasion of this wrongful transfer. Therefore, I order that the matter be and the same is hereby referred to the probate court of Wayne county, to take proofs and determine and find the value of the estate's interest in said bonds, plus the interest due thereon from July 17, 1952.

"F. I further order and instruct the probate court of Wayne county to order the guardian, Paul E. Gilleo, to file an amendment to the inventory so as to include these bonds and values determined and found by the probate judge and file a corrected and amended first and final account to include the said bonds and values thereof. I further order and instruct the probate court to surcharge the guardian the value plus interest to date of this judgment on the loss of these bonds and order him to repay said amount to the ward."

From this order the ward, Mrs. Schweier, has appealed, setting out the following question on appeal:

"Did the circuit court on ward's appeal commit error in failing to surcharge the guardian for the full value of United States bonds and in remanding case to probate court with an order to determine the interest of ward in said bonds, where circuit

court entered judgment and found the guardian unlawfully and without authority or right and in breach of his duties to the ward, had wrongfully surrendered the possession of said bonds to the ward's daughter?"

In essence the appellant is asking this Court to order the circuit court to enter a final judgment surcharging the guardian with the face value of the bonds plus interest. We agree that normally this would be an accepted procedure in a case of this type. In the present case, however, the mother and daughter were listed on the face. of the bonds as co-owners, and there was some evidence adduced at the proceedings in circuit court to indicate that the bonds may have been purchased with joint funds. This indicates that upon further inquiry it might develop that the mother was not the absolute owner of the bonds and that consequently the guardian should not be charged with the full amount thereof.

Appellant argued in the circuit court and here that because the mother was the sole possessor of the bonds prior to the delivery by the guardian that therefore she was the sole owner, and that the daughter's interest could not come into being until the mother died or delivered the bonds to her. To support this argument appellant cites us to United States Treasury Department Regulations, Circular No 530 (May 21, 1952) § 315.45, which indeed states that a co-owner in possession may cash in the bonds without the permission of the other, and that when one owner redeems a bond, the interest of both is deemed forfeited. It appears to us, however, that the cited regulation sets up provisions of redemption only, but does not purport to cover or establish ownership. Therefore in the light of the noted evidence of joint ownership it is our opinion that the circuit court properly remanded the case to probate court to allow the guardian the opportunity to offer proofs

of the proportionate value of the disputed property to the joint owners. The question of the value of the bonds to the appellant was therefore not properly before the circuit court in the appeal.

Judgment affirmed, costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.